IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE GOOCH, Individually and as Personal Representative of the ESTATE OF JODY LYNN GOOCH, § § § § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. H-17-1673 | |
| PACKAGING CORP. OF AMERICA, INC. and ELITE SPECIALTY WELDING, LLC, § § § § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

On June 5, 2017, defendant, Packaging Corporation of America, Inc. ("PCA"), removed this action from the 129th Judicial District Court of Harris County, Texas, where it was pending under Case No. 2017-27526 (Docket Entry No. 1). Pending before the court is Plaintiff's Motion to Remand Based on Improper Removal by Packaging Corp. of America, Inc. ("Plaintiff's Motion to Remand," Docket Entry No. 9). After considering the Plaintiff's Motion to Remand, Defendant Packaging Corporation of America, Inc.'s Opposition to Plaintiff's Motion to Remand ("PCA's Opposition," Docket Entry No. 10), Defendant Elite Specialty Welding, LLC's Opposition to Plaintiff's Motion to Remand ("Elite Specialty's Opposition," Docket Entry No. 11), the state court pleadings, and applicable

law, the court concludes that Plaintiff's Motion to Remand should be denied.

## I. Factual and Procedural Background

Plaintiff's state court petition describes the factual background of this case as follows:

> 12. An explosion occurred at approximately 11 am CST on Wednesday, February 8th at the PCA DeRidder Containerboard Mill owned by Packaging Corporation of America. The facility was located in DeRidder, LA . . . Jody Lynn Gooch was a contractor working for Elite Specialty Welding, LLC at the time of the explosion. Elite Specialty Welding is principally located in Texas and hired decedent Jody Gooch in Texas. He was killed in the blast along with two other men . . . while they were engaged in contract work at the DeRidder facility.
>
> 13. It is presently unclear exactly what the cause of the blast was, but both the United States Chemical Safety Board ("CSB") and OSHA are invest[igat]ing the blast. The preliminary results from the CSB indicate that a 30 foot tall tank exploded killing Jody Lynn Gooch. It also intimates that welding or "hot work" was being performed and it is likely that the Defendants failed to assure the workers that the equipment being worked on had been purged, blocked or otherwise "cleared" of any potential combustible materials. The Defendant PCA is no stranger to such tragedies and had a similar incident for possibly similar reasons only a few years ago which resulted in fatalities.[1]

Plaintiff is the father of the decedent, Jody Lynn Gooch.[2]

---

[1] Plaintiff's Original Petition, Jury Demand and Request for Disclosure ("Plaintiff's Original Petition"), Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 4 ¶¶ 12-13.

[2] Id. at 6 ¶ 21. See also Plaintiff's Motion to Remand, Docket Entry No. 9, p. 1 ("The welder's father and named plaintiff, Joe Gooch filed this suit in Harris County, Texas, alleging negligence and *gross negligence* against both the facility owner (PCA) and also against his son's employer Elite Specialty Welding, LLC [].").

On April 25, 2017, plaintiff filed an action in state court individually and as representative of the Estate of Jody Lynn Gooch, against defendants, PCA and Elite Specialty Welding, LLC ("Elite Specialty"), for negligence and gross negligence seeking damages for the wrongful death of Jody Lynn Gooch.³

On June 5, 2017, PCA filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Asserting that "[t]here is complete diversity of citizenship between the plaintiff and PCA, which are the only two properly pleaded parties,"⁴ and that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs,"⁵ PCA argues that Elite Specialty was improperly joined because

> plaintiff cannot establish a cause of action against Elite Specialty, which is the only potential non-diverse party. Specifically, plaintiff has no cause of action against Elite Specialty in the state proceeding because he has no grounds to assert tort claims when his sole and exclusive remedy is under the applicable workers' compensation statutes.⁶

Citing Texas Labor Code § 408.001(a) and asserting plaintiff alleges that when Jody Lynn Gooch died he was "working for Elite Specialty,"⁷ PCA argues that "[u]nder Texas law, worker's

---

³Plaintiff's Original Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, pp. 5-7 ¶¶ 15-29.

⁴Notice of Removal, Docket Entry No. 1, p. 2 ¶ 4.

⁵Id. at 3 ¶ 8.

⁶Id. at 3 ¶ 13.

⁷Id. at 4 ¶ 14.a (citing Plaintiff's Original Petition, Docket Entry No. 1-3 at 4 ¶ 12).

compensation is the exclusive remedy available to an employee or his legal beneficiary against the employer or an agent of the employer for an employee's death or work-related injury."[8] Citing Smallwood v. Illinois Central R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005), PCA argues:

> As plaintiff has no tort remedy against Elite Specialty, there is no reasonable basis for recovery against Elite Specialty in the state proceeding and, thus, joinder is improper because there is an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[9]

## II. Plaintiff's Motion to Remand

On July 5, 2017, plaintiff filed Plaintiff's Motion to Remand in which he contends that this action should be remanded to state court because

> [p]laintiff seeks to recover *exemplary damages* based on Elite Defendant's *gross negligence* in a Texas Court, which is precisely the type of claim and venue that both the Texas Workers Compensation Act and Texas Courts have unequivocally recognized as proper. Texas law is squarely in favor of remand where exemplary damages based on gross negligence are sought against a Defendant employer. Accordingly, this Court should grant Plaintiff's Motion and remand this case to Texas State Court.[10]

Citing Texas Labor Code § 408.001(b); Wyble v. E.I. DuPont de Nemours & Co., 17 F. Supp. 2d 641 (E.D. Tex. 1998); Callis v. Union

---

[8]Id. at 4 ¶ 14.b. See also id. at ¶ 14.c-d (making the same argument based on Louisiana law); and Plaintiff's Motion to Remand, Docket Entry No. 9, pp. 6-7 (asserting that "Texas law applies regarding the issue of Remand").

[9]Notice of Removal, Docket Entry No. 1, p. 4 ¶ 14.e.

[10]Plaintiff's Motion to Remand, Docket Entry No. 9, pp. 1-2.

Carbide Chemical and Plastics Corp., 932 F.Supp. 168, 171-72 (S.D. Tex. 1996); Cowen v. Mobil Oil Corp., 901 F. Supp. 1204, 1206 (E.D. Tex. 1995); and Smith v. Atlantic Richfield Co., 927 S.W.2d 85, 88 (Tex. App. — Houston [1st Dist.] 1996), plaintiff argues that this action should be remanded because there is no dispute that Elite Specialty is a non-diverse party, and because

> [a]s a matter of law, a wrongful death cause of action for gross negligence *does exist* under the Texas Workers' Compensation Act . . . [and a] surviving spouse or family member of a deceased worker [may] bring[] a claim for exemplary damages against an employer for gross negligence.[11]

On July 24, 2017, PCA filed PCA's Opposition to plaintiff's motion to remand arguing that Plaintiff's Motion to Remand should be denied because "Plaintiff's claims against Elite Specialty are exclusively limited to worker's compensation and, therefore, the claims against Elite Specialty constitute improper joinder; and . . . without Elite Specialty, this case is properly removed."[12] PCA explains that

> Plaintiff's Motion is fundamentally flawed and should be denied because, among other things, Plaintiff has misapplied § 408.001(b) to his case. Specifically, the "savings clause" does not apply to Plaintiff's case because Plaintiff is not among the persons entitled to bring claims under § 408.001(b). Specifically, Plaintiff is the decedent worker's father and § 408.001(b) <u>only</u> allows recovery of exemplary damages <u>by the surviving spouse or heirs of the body</u> of a deceased employee. . . Plaintiff therefore cannot rely on the "savings clause" to plead around the exclusivity of worker's compensation remedy. . . [A]s Plaintiff is unable to avoid the

---

[11]Id. at 4.

[12]PCA's Opposition, Docket Entry No. 10, pp. 1-2.

exclusivity of worker's compensation . . . he has no
claim against Elite Specialty to be determined by any
Texas court. Accordingly, Plaintiff has improperly
joined Elite Specialty and PCA is and was entitled to
remove this action under 28 U.S.C. [] § 1332(c) and § 1441
based on the undisputed diversity of citizenship between
Plaintiff and PCA.[13]

On July 25, 2017, Elite Specialty filed its opposition to plaintiff's motion to remand joining PCA's opposition.[14]

**A.   Removal Standard**

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. See Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441). The removing party bears the burden of establishing that a state court suit is removable to federal court. Id. To determine whether there is removal jurisdiction, the claims in the state court petition are considered as they existed at the time of removal. Id. (citing Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Doubts about the propriety of removal are to be resolved in favor of remand. Id.

**B.   Diversity Jurisdiction Exists Because Elite Specialty is Improperly Joined.**

A federal court has subject matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds

---

[13]Id. at 2.

[14]Elite Specialty's Opposition, Docket Entry No. 11.

the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. <u>McLaughlin v. Mississippi Power Co.</u>, 376 F.3d 344, 353 (5th Cir. 2004) (citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" <u>Id.</u> (quoting <u>Harrison v. Prather</u>, 404 F.2d 267, 272 (5th Cir. 1968)). There is no dispute that the matter in controversy here exceeds the value of $75,000,[15] that complete diversity exists between the plaintiff and PCA,[16] or that Elite Specialty is a citizen of Texas and its presence precludes diversity jurisdiction if it was properly joined.[17]

---

[15]Plaintiff's Original Petition, Docket Entry No. 1-3, p. 3 ¶ 8 ("Plaintiff seeks damages in excess of $75,000.00 exclusive of interest and cost. . .").

[16]<u>Id.</u> at 2 ¶ 3 ("Defendant . . . PAC . . . is a Delaware Corporation with its Principal Place of Business located in Illinois . . ."). <u>See also</u> Notice of Removal, Docket Entry No. 1, p. 2 ¶ 5 ("Plaintiff resides in and is a citizen of Texas.").

[17]Plaintiff's Original Petition, Docket Entry No. 1-3, p. 3 ¶ 4 ("Defendant, [Elite Specialty,] is a Delaware Corporation with its Principal Place of Business located in Texas at 1411 Preston Ave.[,] Pasadena, TX 77503 . . ."). <u>See also</u> Plaintiff's Motion to Remand, Docket Entry No. 9, p. 1 & n.1 ("Elite Specialty Welding, LLC is a resident of Texas, has its headquarters in Texas, and one of the members of the LLC is a Texas resident. The citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).").

1. <u>Applicable Law</u>

The Fifth Circuit has recognized two ways for the removing party to establish improper joinder for the purpose of defeating diversity jurisdiction: (1) by proving that there has been actual fraud in the pleading of jurisdictional facts, or (2) by proving that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse party in state court. See Smallwood, 385 F.3d at 573. Only the second way is at issue here. In determining whether there is a reasonable possibility the plaintiff will be able to establish a cause of action against a defendant under state law courts conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id. The petition as filed in the state court at the time of removal controls the inquiry. McLaughlin, 376 F.3d at 353; Cavallini, 44 F.3d at 264.

2. <u>Application of the Law to the Alleged Facts</u>

Plaintiff's Motion to Remand acknowledges that plaintiff is the father of the decedent, Jody Lynn Gooch, that the decedent was employed by Elite Specialty, and that plaintiff's claims arise from the decedent's death while on the job for Elite Specialty.[18]

---

[18]Plaintiff's Motion to Remand, Docket Entry No. 9, p. 1.

Plaintiff's Motion to Remand also acknowledges that claims against a decedent's employer are generally barred by § 408.001(a) of the Texas Labor Code, which provides:

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.[19]

Texas Labor Code § 408.001(a). Plaintiff argues that the claims he has asserted against Elite Specialty are not barred, however, because they are subject to the savings clause found in § 408.001(b) of the Texas Labor Code, which provides:

> This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.[20]

Texas Labor Code § 408.001(b).

The savings clause provided by § 408.001(b) of the Texas Labor Code applies only to specific plaintiffs, i.e., (1) a "surviving spouse;" and (2) "heirs of the body of a deceased employee." Under well settled Texas law the phrase "heirs of the body" as used in § 408.001(b) does not include parents, and a parent's claims for exemplary damages and gross negligence cannot be saved by

---

[19] Id. at 3 ("Defendants cite[] one provision of TEX. LAB. CODE § 408.001, which relates to the recovery of workers compensation benefits, but neglects to draw attention [to] the fact that other pertinent portions of the statute directly contradict Defendant's argument.").

[20] Id. at 4-6.

§ 408.001(b). See Cooper Industries LLC v. American International Specialty Lines Insurance Co., 350 F. App'x 876, 877-78 (5th Cir. 2009) (per curiam) ("Under Texas law, 'heirs of the body' do not include parents."). See also Galvan v. Public Utilities Board, 778 S.W.2d 580, 584 (Tex. Civ. App. — Corpus Christi 1989) ("It is well settled that parents are not heirs of the body.") (citing Winnt v. International & G.N. Ry. Company, 11 S.W. 907, 907-908 (Tex. 1889) (considering the question, "[W]hether any person not within the class of persons designated by section 26, art. 16, of the state constitution can maintain a suit for the recovery of exemplary damages for the death of a person caused by the willful act or omission or gross negligence of a corporation or company;" and concluding that the rule in Texas is that "the right to maintain an action for the recovery of exemplary damages for the death of a person caused by the willful act, omission, or gross neglect of a corporation or company, etc., is confined to the class of persons who, by the terms of the constitution, are designated as entitled to maintain such action; namely, the surviving husband or wife, or heirs of the body, of the deceased, and not to the parent.").

The cases cited in the Plaintiff's Motion to Remand do not hold otherwise. Two of those cases, Cowen and Callis, involved claims brought by widows and surviving children. See Cowen, 901 F. Supp. at 1205 ("Plaintiffs, the surviving spouse and children of Thomas J. Cowen. . . deceased. . ."); Callis, 932 F. Supp. at 169

("Plaintiffs, Callis's surviving wife and children. . ."). The other two cases on which plaintiff relies, <u>Wyble</u> and <u>Smith</u>, neither identify the relationship between the plaintiffs and the decedents, nor expand § 408.001(b)'s reach beyond "surviving spouses" and "heirs of the body." <u>See</u> <u>Wyble</u>, 17 F. Supp. 2d at 644 ("The [Texas Workers' Compensation Act] TWCA specifically provides for a surviving spouse or heir's cause of action against an employer whose gross negligence or intentional act causes the employee's death.") (citing <u>Smith</u>, 927 S.W.2d at 88 ("We hold as a matter of law the cause of action for exemplary damages provided for in section 408.001(b) of the Labor Code is still viable, and the surviving family is entitled to seek exemplary damages for the death of an employee caused by the employer's gross negligence or intentional act.").

Because Plaintiff's Original Petition alleges that he is the decedent's father, and because the section of the Texas Labor Code that plaintiff argues allows him to assert claims for gross negligence and exemplary damages against his son's employer, Elite Specialty, does not apply to parents of the deceased employee, there is no reasonable possibility that plaintiff will be able to establish a claim against Elite Specialty in state court. Accordingly, the court concludes that plaintiff has improperly joined Elite Specialty as a defendant in this action and that Elite Specialty's presence does not destroy diversity jurisdiction.

## III. Conclusions

For the reasons explained in § II, above, the court concludes that PCA has carried its burden of proving that diversity jurisdiction exists, and that this case was properly removed. Accordingly, Plaintiff's Motion to Remand Based on Improper Removal by Packaging Corp. of America, Inc. (Docket Entry No. 9) is **DENIED**.

The Joint Discovery/Case Management Plan is due August 29, 2017, and the initial pretrial and scheduling conference will be held on Friday, September 8, 2017, at 2:00 p.m., in Courtroom 9-B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on this 14th day of August, 2017.

                                    SIM LAKE
                    UNITED STATES DISTRICT JUDGE