IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE GOOCH, Individually and as Personal Representative of the Estate of Jody Lynn Gooch, <br><br> Plaintiff, <br><br> v. <br><br> PACKAGING CORP. OF AMERICA, INC., and ELITE SPECIALITY WELDING, LLC <br><br> Defendants. | § § § § § § § § § § § § § § § | Case No. 4:17-CV-01673 |

## DEFENDANT PACKAGING CORPORATION OF AMERICA'S
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendant, Packaging Corporation of America ("PCA") files this Motion for Summary Judgment requesting that this Court find as a matter of law that Plaintiff Joe Gooch and Intervenors Evelyn Tauber, Bobby Gooch, and Lameshia Machelle Springfield ("Intervenors," and together with Plaintiff Gooch, "Plaintiffs") lack capacity to bring actions for survival or wrongful death against PCA. In support of its motion, PCA states:

# TABLE OF CONTENTS

Statement Regarding Nature and Stage of Proceedings ................................................................ 1

Statement of the Issues.................................................................................................................. 2

Summary of the Argument............................................................................................................ 3

Statement of Undisputed Facts ..................................................................................................... 4

Argument ...................................................................................................................................... 5

    I.    Texas Choice of Law Principles Dictate That Louisiana Law Applies to Plaintiffs' Survival and Wrongful Death Actions..................................................... 5

        A.    Legal Standard ................................................................................................ 5

        B.    There Are Conflicts Between Texas and Louisiana Laws.......................... 7

        C.    Louisiana Has The Most Significant Relationship With The Instant Litigation........................................................................................................ 7

        D.    Application of Louisiana Law Comports with the Principles set forth in the Restatement Section 6 ........................................................... 10

    II.    Summary Judgment Standard ................................................................. 13

    III.    Neither Plaintiff nor the Intervenors Have Capacity to Bring A Claim Under Louisiana Law................................................................................................ 14

Conclusion ................................................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Beatty v. Isle of Capri Casino, Inc.*, 234 F. Supp. 2d 651, 656 (E.D. Tex.2002) ......................... 10
*Branch v. Aetna Cas. & Sur. Co.*, 370 So. 2d 1270, 1273 (La. Ct. App. 1979), writ denied, 374 So. 2d 660 (La. 1979) ............................................................................................................... 12
*Briggs v. Phebus*, No. 12–2145, 2012 WL 5906873, at *3 (E.D. La. Nov. 26, 2012) ................. 15
*Brown v. Cities Service Oil Company*, 733 F.2d 1156, 1159 (5th Cir. 1984) ............................... 9
*Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986). ......................... 13, 14
*Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 419 (Tex.1984) ...................................... 5, 6, 7
*Enter. Prod. Partners, L.P. v. Mitchell*, 340 S.W.3d 476, 480 (Tex. App. 2011) ...................... 6, 8
*Estate of Burch v. Hancock Holding Co.*, 39 So. 3d 742, 747 (La. Ct. App. 2010) .................... 11
*Hartford Underwriters Ins. Co. v. Foundation Health Servs Inc.*, 524 F.3d 588, 592 (5th Cir. 2008). ............................................................................................................................................ 2
*Hooper v. Marriott Int'l, Inc.*, 979 F. Supp. 2d 735, 740–41 (N.D. Tex. 2013) ............................ 9
*Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 204 (Tex. 2000) ...................................... 5
*Jenkins v. Mangano Corp.*, 774 So. 2d 101, 105 (La. 2000) ...................................................... 15
*Lee v. Delta Air Lines, Inc.*, 797 F. Supp. 1362, 1368 (N.D. Tex. 1992) ............................... 5, 10
*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 (5th Cir. 1994) .................................................. 14
*Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188-89 (1990) ...... 13
*Reed v. Warren*, 136 So. 59, 64 (La. 1931) ............................................................................... 12
*St. Paul Mercury Insurance Company v. Lexington Insurance Company,* 78 F.3d 202, 205 (5th Cir.1996) ........................................................................................................................................ 5
*Thule Drilling ASA v. Schimberg*, 290 F. App'x 745, 746 (5th Cir. 2008) ................................... 2
*Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000) ..................................................... 6
*Trahan v. S. Pac. Co.,* 209 F. Supp. 334, 336–37 (W.D. La.1962) ............................................. 15
*Wood v. CitiMortgage, Inc.*, No. 4:11cv139, 2012 WL 642791, at *3 (E.D. Tex. Feb. 28, 2012) ...................................................................................................................................................... 13

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................................... 13

**Statutes**

La. Civ. Code Art. 2315.2 ............................................................................................................ 7
Louisiana Civil Code Article 2315.1 ......................................................................... 3, 7, 14, 15, 16
Louisiana Civil Code Article 2315.2 ..................................................................................... 3, 15, 16
Tex. Civ. Prac. & Rem. Code § 71.004 ....................................................................................... 7
Tex. Civ. Prac. & Rem. Code § 71.021 ....................................................................................... 7

**Other Authorities**

Restatement of conflict of laws, § 145. ....................................................................................... 6
Restatement of conflict of laws, § 146 ........................................................................................ 6
Restatement of conflict of laws, § 6 cmt. e. ............................................................................... 11
Restatement of conflict of laws, § 6, cmt. g. .............................................................................. 12
Restatement of conflict of laws, § 6. ........................................................................................... 6
Restatement of conflict of laws, §175 ......................................................................................... 6

**STATEMENT REGARDING NATURE AND STAGE OF PROCEEDINGS**

1.  This lawsuit arises out of the February 8, 2017 explosion of a Foul Condensate Tank ("the Incident") at Packaging Corporation of America Inc.'s ("PCA") containerboard mill in DeRidder, Louisiana ("the DeRidder Mill"). *See* Plaintiff's Original Petition ("Petition") at ¶ 12; Complaint in Intervention ("Intervention") at ¶ 9. As a result of the explosion, three individuals were fatally injured, including Jody Lynn Gooch ("the Decedent"). *Id*. All three individuals, including the Decedent, were working for Elite Specialty Welding, LLC ("Elite") performing work at the DeRidder Mill on the date of the Incident.

2.  In April 2017, Plaintiff, Joe Gooch, filed this lawsuit individually and as the personal representative of the estate of Decedent against PCA[1] seeking to recover damages for the death of his son. *See* Petition at ¶ 26-27. Plaintiff seeks to recover damages for the alleged pain and suffering of his son prior to his death and for damages relating to the alleged wrongful death of his son. *Id*. at ¶¶ 20-29.

3.  In February 2017, Intervenors—including Decedent's surviving mother, Evelyn Tauber, surviving brother, Bobby Gooch, and surviving sister, Lameshia Machelle Springfield—filed a complaint in intervention seeking damages against PCA. *See* Intervention at ¶¶ 17-18. The complaint in intervention alleges that Evelyn Tauber is entitled to recover damages under the Texas wrongful death statute and that all three Intervenors are separately entitled to damages for mental anguish and loss of consortium. *Id*. at ¶ 18.

4.  At this stage in the proceeding, the parties have conducted written discovery, but have not yet pursued depositions. Additionally, expert reports have been exchanged by the parties. The parties have not engaged in any settlement discussions.

---

[1] Plaintiffs' Original Petition included a claim against both PCA and Elite. *See* Petition. at ¶¶ 3-4. However, on September 28, 2017, Plaintiff moved to voluntarily dismiss his claims against Elite [[Dkt. No. 27], which motion was granted by this Court on September 29, 2017 [Dkt. No. 28].

## STATEMENT OF THE ISSUES

5. Whether Plaintiffs' wrongful death and survivorship actions are governed by Louisiana law, where the alleged injury and alleged conduct causing injury occurred in Louisiana and where the relationship between Decedent (and, therefore, Plaintiffs) and PCA is centered in Louisiana. Choice of law is a question of law which is reviewed *de novo*, and any factual determinations made by the Court are reviewed for clear error. *Hartford Underwriters Ins. Co. v. Foundation Health Servs Inc.*, 524 F.3d 588, 592 (5th Cir. 2008).

6. Whether there exists any genuine issue of material fact regarding Plaintiffs' capacity to bring suit against PCA under Louisiana law where it is undisputed that Decedent has a surviving child and Louisiana law dictates that, where there exists a surviving child or spouse, only those individuals may maintain a claim for wrongful death or survivorship to the exclusion of any other beneficiaries. Granting of summary judgment is reviewed *de novo*. *See Thule Drilling ASA v. Schimberg*, 290 F. App'x 745, 746 (5th Cir. 2008).

**SUMMARY OF THE ARGUMENT**

7.      Choice of law principles dictate that Louisiana law governs Plaintiffs' claims. All events allegedly causing Decedent's death occurred in Louisiana—indeed, PCA's containerboard mill is located in DeRidder, Louisiana, which is where PCA contracted with Decedent's employer, Elite, where Decedent was performing work, where the Incident occurred, and where Decedent ultimately died. Decedent, Plaintiffs, and PCA have no relationship outside Louisiana.

8.      Plaintiffs lack capacity to sue under Louisiana law as Decedent has a surviving son, Derrick Gooch, who has filed a wrongful death and survivorship action in Louisiana. Plaintiff Joe Gooch has brought suit as both the legal representative of the estate of Decedent and also as his surviving father. Intervenors have brought suit as the mother and siblings of Decedent. Plainly, under Louisiana law, not one of these individuals has capacity to maintain a claim against PCA. It is undisputed that Decedent has a surviving son, Derrick Gooch, who has filed a wrongful death and survival action in Louisiana. Louisiana Civil Code Article 2315.1 (survival action) and Article 2315.2 (wrongful death) establish a hierarchy of those that have a right of action. That is, suit may only be brought by the spouse and child of the deceased. Only in the event there exists no spouse or child may the parents of a decedent bring suit, and only if there exist no spouse, child, *or* parents may the siblings of a decedent bring suit.

9.      For these reasons, summary judgment should be granted in full dismissing each Plaintiff's claims.

## STATEMENT OF UNDISPUTED FACTS

10. Decedent Jody Lynn Gooch was an employee of Elite which in turn contracted with PCA to perform certain welding work at PCA's DeRidder, Louisiana containerboard mill during its outage in February 2017. On February 8, 2017, Decedent and other Elite welding workers were performing maintenance on a clean condensate line, which ran over the Foul Condensate Tank. At approximately 11:00 a.m., the foul condensate tank exploded, resulting in the death of Decedent and two other Elite workers. Petition at ¶ 12; Intervention at ¶ 9.[2]

11. It is undisputed that Decedent is survived by his parents Joe Gooch (Plaintiff) and Evelyn Tauber (Intervenor). He is also survived by his siblings, Intervenors Bobby Gooch and Lemeshia Machelle Springfield. However, in addition to the Plaintiffs, Decedent is survived by his son, Derrick Gooch. *See* Exhibit A, Pl. Joe Gooch Resp. to Interrogatories No. 6.[3] In fact, Derrick Gooch has an action pending in the United States District Court for the Western District of Louisiana, Lake Charles Division where he asserts claims in survival and wrongful death.[4]

12. This fact alone dictates that not one of the Plaintiffs has capacity to maintain a survival or wrongful death action and their claims must be dismissed.

---

[2] PCA has no doubt the cause of the incident will be hotly in dispute. In any event, the cause and underlying facts leading up to the incident are not relevant for purposes of this motion.
[3] The remaining Plaintiffs likewise responded to written discovery, which provide identical responses to Interrogatory No. 6.
[4] A true and correct copy of the Petition for Damages in *Derrick Gooch v. Packaging Corp. of Am., Inc. et al.*, originally filed in the 36th Judicial District Court, Beauregard Parish, Louisiana is attached as Exhibit B-1. Notably, the action was subsequently removed to the United States District Court for the Western District of Louisiana, Lake Charles Division based on diversity jurisdiction and improper joinder. *See Derrick Gooch v. Packaging Corp. of Am., Inc. et al.*, Case No:2:18-CV-00278 in the United States District Court for the Western District of Louisiana, Lake Charles Division.

# ARGUMENT

## I. Texas Choice of Law Principles Dictate That Louisiana Law Applies to Plaintiffs' Survival and Wrongful Death Actions

### A. Legal Standard

13. "A federal court must follow the choice-of-law rules of the state in which it sits." *St. Paul Mercury Insurance Company v. Lexington Insurance Company,* 78 F.3d 202, 205 (5th Cir.1996). Under Texas law, when presented with a choice of law question, a court must first determine whether there is a conflict between the laws of the jurisdictions whose law potentially controls, and only when such a conflict is present should the Court conduct a choice of law analysis. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 419 (Tex.1984). The choice of law analysis "applies to each claim or issue individually." *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 204 (Tex. 2000).

14. In analyzing conflict of laws principles, the Texas Supreme Court has adopted Section 6 of the Restatement (Second) of Conflict of Laws (the "Restatement") as a statement of the "general principles by which the more specific rules are to be applied." *Lee v. Delta Air Lines, Inc.*, 797 F. Supp. 1362, 1368 (N.D. Tex. 1992). Under the Restatement section 6, the factors "relevant to the choice of the applicable rule of law include":

   (a) the needs of the interstate and international systems,

   (b) the relevant policies of the forum,

   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

   (d) the protection of justified expectations,

   (e) the basic policies underlying the particular field of law,

   (f) certainty, predictability and uniformity of result, and

   (g) ease in the and application of the law to be applied.

RESTATEMENT OF CONFLICT OF LAWS, § 6.

15. In consideration of these seven factors, the Restatement, and Texas courts, have adopted and apply the more-specific "'most significant relationship' test to decide choice-of-law issues." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000) (internal citations omitted). That is, "the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue." *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984).

16. For tort cases, the Restatement instructs Texas courts to consider the following contacts in determining which state possesses the most significant relationship: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and, (d) the place where the relationship, if any, between the parties is centered. *Id.*; *see also* RESTATEMENT OF CONFLICT OF LAWS, § 145. "In a choice of law analysis, the number of contacts with a state is not determinative." *Torrington Co.*, 46 S.W.3d at 848. And "[t]he Restatement's 'most significant relationship test' includes a presumption in favor of applying the law of the place of the injury." *Enter. Prod. Partners, L.P. v. Mitchell*, 340 S.W.3d 476, 480 (Tex. App. 2011) Indeed, Section 146, governing personal injuries, and section 175, governing wrongful death, create a presumption that:

> the law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in section 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

*Id.* (citing RESTATEMENT OF CONFLICT OF LAWS, §§ 146, 175).

### B. There Are Conflicts Between Texas and Louisiana Laws

17. The first inquiry in a conflict of laws analysis is whether there in fact exists a conflict so as to necessitate the application of another state's laws. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d at 419. Here, Louisiana and Texas state laws differ with regard to whether the parents and/or siblings of a deceased individual have capacity to bring a survival or wrongful death action when a surviving child is present. The Louisiana Civil Code establishes a hierarchy of beneficiaries who can recover in a survival and wrongful death actions. LA. CIV. CODE Art. 2315.1; LA. CIV. CODE Art. 2315.2. Pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2, as long as there is a surviving spouse and/or child, no other beneficiary may recover under a survival or wrongful death theory of liability. *Id*.

18. On the other hand, Texas Law permits the surviving spouse, children, and parents of the deceased to bring one or more wrongful death actions for the benefit of all. TEX. CIV. PRAC. & REM. CODE § 71.004. Further, under Texas law, survival actions may be brought "in favor of the heirs, legal representatives, and the estate of the injured person." *Id*. TEX. CIV. PRAC. & REM. CODE § 71.021. Texas law clearly expands the scope of those who may maintain claims in survival or wrongful death beyond that contemplated by Louisiana.[5]

19. Accordingly, Louisiana and Texas laws do conflict on who can bring claims arising out of the death of a family member and this Court must determine which state's laws to apply.

### C. Louisiana Has The Most Significant Relationship With The Instant Litigation

20. Taking into account the factors espoused by the Restatement in determining which state possesses the most significant relationship, the analysis must weigh in favor of Louisiana law.

---

[5] Notably, Texas law does not permit a surviving sibling such as Intervenors Bobby Gooch and Lameshia Machelle Springfield to bring claims in wrongful death.

*1. The Place Where The Injury Occurred*

21. It is undisputed that the Decedent's injury occurred at PCA's Containerboard Mill in Louisiana. Indeed, Plaintiffs alleged in their respective complaints that Decedent was fatally injured on February 8, 2017, while performing work for Elite at PCA's Containerboard Mill in DeRidder, Louisiana. *See* Petition. at ¶ 12 ("An explosion occurred at approximately 11 am ... at the PCA DeRidder Containerboard Mill. . . . The facility was located in DeRidder LA"); Intervention at ¶ 9 (same).

22. Texas law recognizes that the "most significant relationship test includes a presumption in favor of applying the law of the place of the injury." *Enter. Prod. Partners,* 340 S.W.3d at 480 To that end, this contact weighs heavily in favor of the application of Louisiana law.

*2. The Place Where The Alleged Conduct Causing The Injury Occurred*

23. The gravamen of Plaintiffs' allegations is that PCA failed to provide the Decedent with a safe place to work at the Containerboard Mill in DeRidder, Louisiana. They specifically allege PCA failed to maintain equipment at the plant, failed to clean or purge equipment of potentially combustible material, failed to provide sufficient staffing, failed to follow policies and protocols, and that PCA "created an environment and condition that allowed the deadly explosion at the PCA Containerboard Mill in DeRidder." *See* Petition. at ¶ 15; Intervention at ¶ 11. Plaintiffs also generally allege PCA failed to exercise due care, avoid the Incident, and learn from similar incidents. *Id*.

24. All of this conduct, even if taken as true, would have occurred at the Containerboard Mill in DeRidder, Louisiana. Indeed, not only did the Incident, itself, occur in Louisiana, but any decisions related to the operation and safety of the DeRidder Mill were made either by individuals operating at the DeRidder Mill or by the senior-management team operating in

Illinois. *See* Exhibit B, Decl. of Bruce Kummerfeldt at ¶ 4. Thus, this factor weighs in favor of applying Louisiana law.

> 3. *The Domicile, Residence, Nationality, Place of Incorporation, and Place of Business of the Parties*

25. The only relevant contact Texas has with this litigation is that Plaintiffs are residents of the state. Decedent, Jody Lynn Gooch, although allegedly a resident of Texas, was present and working in Louisiana at the time of the Incident. *See* Petition. at ¶ 15; Intervention at ¶ 11. PCA, the only defendant remaining in this action, is a citizen of Delaware with its principal place of business in Illinois. Ex. B at ¶ 3. And the only PCA place of business at issue here is in Louisiana.[6]

26. Courts in the Fifth Circuit have decisively held that a Plaintiff's residence in Texas, without more, is not sufficient to support application of Texas law. *See Brown v. Cities Service Oil Company*, 733 F.2d 1156, 1159 (5th Cir. 1984) (finding that the plaintiff "was a Texas resident at the time of trial and that he was examined by two Texas doctors in preparation for trial comprise the totality of Texas' involvement in [the] matter" and placing little weight on those connections). In fact, where the place of a plaintiff's residence differs from the place of injury or place where the alleged conduct occurred, Texas courts uniformly advise that the plaintiff's residence is afforded less weight than the other factors. *See Hooper v. Marriott Int'l, Inc.*, 979 F. Supp. 2d 735, 740–41 (N.D. Tex. 2013) (holding "the only connection to Texas is [the plaintiff's] place of residence, which receives less weight than the place of injury in the choice-of-law analysis."); *Beatty v. Isle of Capri Casino, Inc.*, 234 F. Supp. 2d 651, 656 (E.D.

---

[6] In fact, other suits arising out of the Incident but filed in Texas have since been dismissed for lack of personal jurisdiction, demonstrating Texas' lack of interest in PCA or the operative facts of this lawsuit. *See McDaniel v. Packaging Corp. of Am.*, Civil Action H-18-581 (S.D. Tex. May 9, 2018) (attached in Appendix A); *see also William Rolls, Sr. v. Elite Specialty Welding, et al.*, Case No. 2018-01383, in the 190th Judicial District, Harris County, Texas (non-suited by Plaintiff following filing of special appearance by PCA) (attached in Appendix B).

Tex.2002) ("Because both the case law and the Restatement instruct this court to place more emphasis on the place of the alleged misconduct than on the residential preference of the plaintiff, it is concluded that the third factor, domicile of the parties, will not weigh in favor of the plaintiff to overcome all of the relevant conduct having taken place in Louisiana."). Accordingly, this factor, without more, cannot sway this Court from applying Louisiana law.

   *4.     The Place Where The Relationship Between The Parties Is Centered*

27.   The relationship between the parties is centered on the Decedent's work at the PCA Containerboard Mill in DeRidder, Louisiana. The Decedent was employed by Elite to perform work at the Containerboard Mill on the date of the Incident. Petition at ¶ 12; Intervention at ¶ 9. Additionally, the operative Purchase Order between PCA and Elite was entered into in Louisiana. Ex. B at ¶ 5.

28.   For that matter, outside Elite's and PCA's contractual relationship, PCA had no relationship with Decedent. PCA did not select him, did not hire him, and did not contract with him— Elite did. To that end, PCA's and Decedent's (and Plaintiffs') relationship is indirect, in which case Texas law dictates the relationship is centered on the site of the injury. *See Beatty v. Isle of Capri Casino*, Inc., 234 F. Supp. 2d 651, 655–56 (E.D. Tex. 2002) (where plaintiff merely visited casino location, defendant did not have an "individual relationship" with plaintiff, so site of casino was center of relationship).

   **D.    Application of Louisiana Law Comports with the Principles set forth in the Restatement Section 6**

29.   The "most significant relationship" test is intended to ensure that choice of law analyses consider and adhere to the general principles set forth in Section 6 of the Restatement. *See Lee v. Delta Air Lines, Inc*., 797 F. Supp. at 1368. And here, application of that test accomplishes just that.

30. For example, the "needs of interstate and international systems" seek "to further harmonious relations between states and to facilitate commercial intercourse between them" and functions "to make the interstate and international systems work well." RESTATEMENT § 6 cmt. d. Decedent and the other two individuals who were fatally injured were performing work as contractors at PCA's Containerboard Mill on the date of the Incident. [Petition at ¶ 12; Intervention at ¶ 9]. Assuming the residence of the decedents' beneficiaries determined which law would apply, PCA could hypothetically be subjected to different state laws with varying results based on the beneficiaries' states of residence.

31. Accordingly, this Court should prevent myriad variations in recovery based on a plaintiff's state of residence and apply the law of the state of the Incident. *See*, *e.g*., *Hooper v. Marriott Int'l, Inc*., 979 F. Supp. 2d 735, 740 (N.D. Tex. 2013) ("from a policy perspective, the court finds the results of the plaintiff's position to be especially undesirable—that is, that two people could slip and fall in the same lobby, under the same conditions, but obtain opposite results based upon their states of residence.).

32. Louisiana's and Texas state policies regarding standing and capacity also necessitate the application of Louisiana law. "Every rule of law, whether embodied in a statute or in a common law rule, was designed to achieve one or more purposes. A court should have regard for these purposes in determining whether to apply its own rule or the rule of another state in the decision of a particular issue." RESTATEMENT OF CONFLICT OF LAWS, § 6 cmt. e.

33. With respect to who has capacity, the state of Louisiana has chosen to favor certain survivors over others and limit the number of claims resulting from a wrongful death or survivorship action by establishing a hierarchy of recovery excluding certain claims in favor of others. *See Estate of Burch v. Hancock Holding Co*., 39 So. 3d 742, 747 (La. Ct. App. 2010)

("these rights are granted by special statute to specified survivors in order of exclusionary preference, and in the absence of any of the specified survivors, the rights are not transmitted to any other persons."); *Branch v. Aetna Cas. & Sur. Co.*, 370 So. 2d 1270, 1273 (La. Ct. App. 1979), writ denied, 374 So. 2d 660 (La. 1979) ("the legislature and courts of this state have never at any time recognized the principle that every loss of a personal relationship, resulting from a delict, is compensable. The mutually exclusive categories of survivors set forth in the third paragraph of Article 2315 have been applied in cases too numerous to mention, excluding many who would otherwise have had valid claims.").

34. In creating a hierarchy, Louisiana has both decided to favor certain survivors over others and to limit the number of claims resulting from a survivorship or wrongful death claim. These policy decisions are highly relevant to the instant litigation where the Incident has resulted in several separate lawsuits, often-times by members of the same family (such as here). As a company doing business in the state of Louisiana, PCA and the state have an interest in shielding PCA from the multiple claims that could result under the application of Texas or other states' laws. *Reed v. Warren*, 136 So. 59, 64 (La. 1931) ("it is just as important to avoid a multiplicity of suits on obligations arising ex delicto as on obligations arising ex contractu.").

35. Finally, application of Louisiana law is necessary to protect the parties' respective justified and reasonable expectations. "Generally speaking, it would be unfair and improper to hold a person liable under the local law of one state when he had justifiably molded his conduct to conform to the requirements of another state." RESTATEMENT OF CONFLICT OF LAWS, § 6, cmt. g. In choosing to do business in Louisiana, PCA formed a reasonable expectation that the laws of Louisiana would apply to an injury that occurred on its property in Louisiana, relating to decisions allegedly made in Louisiana, and, logically, conformed its behaviors to the laws of

Louisiana. For that matter, even as a resident of another state, by coming to Louisiana to work, Decedent could reasonably expect that Louisiana law would apply to his own actions or injuries. It would, therefore, be illogical for the parents of the decedent to insist on the application of a foreign states' law merely because it is the place of their residence when all relevant parties expected Louisiana law to apply to their interactions. Accordingly, this factor also supports the application of Louisiana law.

## II. Summary Judgment Standard

36. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) The Supreme Court encourages properly-issued summary judgment as an "integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986).

37. The purpose of summary judgment is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188-89 (1990). Where the movant bears the burden of proof on a claim or defense, "it must come forward with evidence that establishes 'beyond peradventure *all* of the essential elements of the claim or defense.'" *Wood v. CitiMortgage, Inc.*, No. 4:11cv139, 2012 WL 642791, at *3 (E.D. Tex. Feb. 28, 2012) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). However, where the nonmovant bears the burden of proof, "the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case." *Id.* (citing *Celotex*, 477 U.S. at 325).

38.     To that end, Rule 56 "*mandates* the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp*, 477 U.S. at 322 (emphasis added); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 (5th Cir. 1994) ("[S]ummary judgment should be granted . . . when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict.").

39.     Here, PCA is entitled to summary judgment. Plaintiffs' own responses to discovery conclusively demonstrate that they lack capacity, and they, therefore, will be unable to adduce any evidence establishing they have a right of action.

### III.    Neither Plaintiff nor the Intervenors Have Capacity to Bring A Claim Under Louisiana Law

40.     It is undisputed that Decedent has left a surviving child, Derrick Gooch, who, has brought his own lawsuit to recover on behalf of his father under Louisiana's survivorship and wrongful death statutes.[7] Because Decedent left a surviving child, Plaintiff (the surviving father), Intervenor Evelyn Tauber (the surviving mother) and Intervenors Bobby Gooch and Lameshia Machelle Springfield (the surviving siblings) do not have a right to recovery under either Louisiana's survivorship or wrongful death statute. Accordingly, their claims must be dismissed.

41.     Louisiana Civil Code Article 2315.1 addresses survival actions and sets out a specific hierarchy governing who has the right of action. Under 2315.1:

> If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

---

[7] A surviving spouse or child need not bring their own claim to preclude claims by other beneficiaries. However, even if that were the case, that is satisfied.

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. . .

LA. CIV. CODE § 2315.1.

42. Louisiana Civil Code Article 2315.2 proscribes an identical hierarchy for recovery in the case of wrongful death actions. LA. CIV. CODE § 2315.2. The unambiguous language of these statutes makes it clear that if the decedent has a surviving spouse or child, neither a parent nor a sibling has a right to recover under the survivorship or wrongful death statue. *See, e.g., Jenkins v. Mangano Corp.*, 774 So. 2d 101, 105 (La. 2000) ("[w]hen a tort victim is survived by a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death."); *Briggs v. Phebus*, No. 12–2145, 2012 WL 5906873, at *3 (E.D. La. Nov. 26, 2012) ("Under Louisiana law, survival and wrongful death actions can be brought by a surviving parent only if the decedent 'left no spouse or surviving child.'"); *Trahan v. S. Pac. Co.,* 209 F. Supp. 334, 336–37 (W.D. La.1962) ("Article 2315 clearly gives a surviving parent the right to sue for the wrongful death of a child only 'if he left no spouse or child surviving.' The Courts of Louisiana have consistently held that a petition brought by one of the inferior beneficiaries must negative the existence of primary beneficiaries in order to state a right of action under this article.").

43. The Decedent's surviving son, Derrick Gooch, is the only individual who has a right to recover under Articles 2315.1 and 2315.2, to the exclusion of Plaintiff and the Intervenors. Plaintiff is the surviving father of the Decedent. Petition at ¶¶ 26-27. Intervenor, Evelyn Tauber, is the surviving mother of the Decedent and Intervenors, Bobby Gooch and Lameshia Machelle

Springfield, are the surviving siblings of the Decedent. Intervention at ¶¶ 1-3. Under Articles 2315.1 and 2315.2, neither the Decedent's parents nor his siblings have a right of action. Accordingly, their claims must be dismissed for failure to state a claim for relief.

## CONCLUSION

44. For the foregoing reasons, PCA respectfully requests this Court hold Louisiana law applies to Plaintiffs wrongful death and survival actions, and dismiss Plaintiffs' claims for lack of capacity. PCA requests all other relief to which it may be justly entitled.

        Respectfully submitted,
        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

        */ s /    David A Oubre*
        DAVID A. OUBRE
        Texas Bar No.: 00784704
        District Bar No.: 23909
        RYAN L. MARLATT
        Texas Bar No. 24032698
        District Bar No.: 31063
        24 Greenway Plaza, Suite 1400
        Houston, Texas 77046
        (713) 659-6767 Telephone
        (713) 759-6830 Facsimile
        david.oubre@lewisbrisbois.com
        ryan.marlatt@lewisbrisbois.com

        JENNIFER E. MICHEL
        Texas Bar No: 24033989
        Federal Bar No: 18668
        JEFFREY A. RIGGS
        Texas Bar #24047624
        Texas Federal Bar No. 1114450
        100 East Vermilion St., Ste. 300
        Lafayette, LA  70501
        (337).326-5777 Telephone
        (337).504-3341 Facsimile
        jenny.michel@lewisbrisbois.com
        jeff.riggs@lewisbrisbois.com

        ATTORNEYS FOR DEFENDANT, PACKAGING CORPORATION OF AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served via hand delivery, electronic submission, facsimile, U.S. Mail, and/or certified mail, return receipt requested, on this the 25th day of March, 2019, to the following:

Brent Wayne Coon
Eric Wayne Newell
BRENT COON AND ASSOCIATES PC
215 Orleans
Beaumont, Texas 77701
(409) 835-2666 (telephone)
(409) 833-4025 (facsimile)
brent@bcoonlaw.com
eric_newell@bcoonlaw.com
*Attorney for Plaintiff, Joe Gooch and*
*Intervenor Plaintiffs*

Anthony G. Buzbee
THE BUZBEE LAW FIRM
600 Travis
Suite 7300
Houston, TX 77002
(713) 223-5393 (telephone)
tbuzbee@txattorneys.com
*Attorney for Plaintiffs, Jackie Cormier and Estate*
*of Williams Rolls, Jr.*

Brian G. Cano
FEE, SMITH, SHARP & VITULLO, LLP
2727 Allen Parkway, Suite 1880
Houston, Texas 77019
(713) 362-8300 (telephone)
(713) 362-8302 (facsimile)
bcano@feesmith.com
*Attorney for Defendant, Elite Specialty*
*Welding, LLC.*

                                           */s/ Ryan L. Marlatt*
                                           Ryan L. Marlatt