# EXHIBIT B

## DECLARATION OF BRUCE KUMMERFELDT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE GOOCH, Individually and as Personal Representative of the Estate of Jody Lynn Gooch,<br><br>Plaintiff,<br><br>v.<br><br>PACKAGING CORP. OF AMERICA, INC., and ELITE SPECIALTY WELDING, LLC<br><br>Defendants. | §<br>§<br>§<br>§<br>§ Case No. 4:17-CV-01673<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DECLARATION OF BRUCE KUMMERFELDT IN SUPPORT OF PCA'S MOTION FOR SUMMARY JUDGMENT

1. My name is Bruce Kummerfeldt. I am of the age of majority, am competent in all respects to make this declaration, and have personal knowledge of all matters stated herein.

2. I am the Senior Director of Health and Safety at Packaging Corporation of America, Inc. ("PCA"). I operate out of PCA's headquarters in Lake Forest, Illinois.

3. PCA is a corporation organized under the laws of Delaware. PCA's corporate headquarters and principal place of business are in Lake Forest, Illinois. From that location, the majority of PCA's senior management team, including its Chief Executive Officer, Executive Vice President, Chief Financial Officer, Senior Vice President of Sales and Marketing, and General Counsel, direct, control, and coordinate the corporation's activities. PCA's Senior Vice President of Mill Operations operates out of Florida and its Vice President of Process Control and Engineering Technology operates out of Tennessee. None of PCA's senior management team operate out of Texas.

4810-5844-9545.1                                                    1

4. The decisions related to the operation and safety of the DeRidder Mill are made by individuals either operating out of the DeRidder Mill or by the senior-management team operating out of Lake Forest, Illinois.

5. The operative purchase order between PCA and Elite Specialty Welding, LLC ("Elite") was issued by PCA in DeRidder, Louisiana, to Elite in Louisiana, for work to be conducted solely in Deridder, Louisiana.

6. Attached as Exhibit B-1 to this Declaration is a true and correct copy of the Petition for Damages filed by Derrick G. Gooch in Beauregard Parish, Louisiana, which was served on PCA on February 16, 2018.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed in Lincoln, Co WI, on the 19 day of March, 2019.

_____
Declarant

4810-5844-9545.1

2

# EXHIBIT B-1

# DERRICK GOOCH'S PETITION FOR DAMAGES

Filed: February 2, 2018
By: Kimberly D. Johnson
Deputy Clerk of Court

| | | |
|---|---|---|
| DERRICK G. GOOCH, individually and on behalf of JODY L. GOOCH | * * * | 36TH JUDICIAL DISTRICT COURT |
| VS. NO. C-2018-0116, DIV. "B" | * * | PARISH OF BEAUREGARD |
| PACKAGING CORPORATION OF AMERICA, INC., FLOYD J. LEBLEU, RAYMOND LESTER, and JAMES MACHINE WORKS, LLC | * * * * | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff, DERRICK G. GOOCH, a major person who resides and is domiciled in the County of Smith, State of Texas, and appears before this Honorable Court through his undersigned counsel individually and on behalf of his deceased father, JODY L. GOOCH, to petition the Court for the recovery of damages and the other relief and remedies set forth in this petition on the following grounds and for the following reasons:

1.

Named as defendants in this petition are the following:

(a) PACKAGING CORPORATION OF AMERICA, INC. ("PCA"), a Delaware corporation with its principal place of business located in Illinois which is authorized to do and is doing business in the State of Louisiana and which may be served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

(b) FLOYD J. LEBLEU, an individual of the age of majority and resident of the Parish of Beauregard, State of Louisiana, who may be served at 1082 Three Pine Church Road, DeRidder, Louisiana 70634;

(c) RAYMOND LESTER, an individual of the age of majority and resident of the Parish of Beauregard, State of Louisiana, who may be served at 105 Tara Drive, Apartment C, DeRidder, Louisiana 70634; and

(d) JAMES MACHINE WORKS, LLC, a Louisiana limited liability company with its principal place of business located in the Parish of Ouachita, State of Louisiana, which may be served through its registered agent for service of process, Davenport, Files, & Kelly, 1509 Lamy Lane, Monroe, Louisiana 71201.

2.

On or about February 8, 2017, JODY L. GOOCH and his co-workers William Rolls, Jr. and Sedrick Stallworth were welding in the pulp mill section of Defendant PACKAGING CORPORATION OF AMERICA, INC.'s DeRidder, Louisiana facility. At approximately 11:10 a.m., a 25-foot tall tank manufactured by Defendant JAMES MACHINE WORKS, LLC and containing foul condensate exploded, killing all three men.

A TRUE AND CORRECT COPY OF THE ORIGINAL
Kimberly D. Johnson
Deputy        Clerk of Court
              Beauregard Parish, LA

3.

At the time of the explosion that killed JODY L. GOOCH and his co-workers, Defendant FLOYD J. LEBLEU was employed by PCA as the senior project manager overseeing contractor safety at the pulp mill facility where the explosion occurred, and Defendant RAYMOND LESTER was employed by PCA as the manager of the yard of the pulp mill facility in which the explosion occurred.

4.

On information and belief, prior to the explosion that killed JODY L. GOOCH and his two co-workers, PCA through its employees, including but not limited to FLOYD J. LEBLEU and RAYMOND LESTER, caused, approved, or otherwise allowed a "hot-work" permit to issue allowing the decedents to proceed with welding in the pulp mill section of the facility. PCA failed to ensure that the equipment on which the welders were working had been purged, blocked, isolated, or otherwise cleared of combustible materials.

5.

The explosion that killed JODY L. GOOCH resulted from the fault and/or negligence of PCA and its employees in the following non-exclusive particulars:

(a) failing to warn JODY L. GOOCH that he was welding in a section of the PCA facility that contained hazardous and/or flammable vapors;

(b) failing to ensure that the area contained no hazardous or flammable gasses;

(c) failing to ensure that no ignition source was present at or near the welding area;

(d) failing to supervise other contractors who may have contributed to causing the explosion;

(e) failing to purge and/or clear equipment of any potentially flammable and/or combustible materials;

(f) failing to follow PCA's own policies and procedures regarding safe work and operation;

(g) failing to properly maintain and repair equipment;

(h) failing to provide training;

(i) failing to provide and maintain a safe work site;

(j) failing to properly train employees to maintain a safe work site;

(k) failing to promulgate and enforce policies required to maintain a safe work site;

(l)  failing to provide timely firefighting assistance;

(m) failing to ensure that automatic firefighting equipment was in place;

(n)  failing to promulgate adequate and safe work procedures;

(o)  failing to enforce safe work procedures;

(p)  failing to ensure that the area was safe to work;

(q)  failing to follow standards set by the Occupational Safety and Health Administration;

(r)  failing to perform an appropriate job safety analysis;

(s)  failing to provide personnel sufficient to perform operations; and

(t)  any other acts and/or omissions which may be proven at the trial on the merits.

6.

As senior project manager overseeing contractor safety at PCA's DeRidder pulp mill facility, FLOYD J. LEBLEU's fault and/or negligence caused the explosion that killed JODY L. GOOCH in the following non-exclusive particulars:

(a)  failing to warn JODY L. GOOCH that he was welding in a section of the PCA facility that contained hazardous and/or flammable vapors;

(b)  failing to ensure the safety of contractors working at the DeRidder PCA facility;

(c)  failing to ensure that the area in which JODY L. GOOCH was welding contained no hazardous or flammable gasses;

(d)  failing to supervise other contractors who may have contributed to causing the explosion;

(e)  failing to ensure that no ignition source was present at or near the welding area;

(f)  failing to purge and/or clear equipment of any potentially flammable and/or combustible materials;

(g)  failing to follow PCA's own policies and procedures regarding safe work and operation;

(h)  failing to properly maintain and repair equipment;

(i)  failing to provide training;

(j)  failing to maintain a safe work site;

(k)  failing to properly train employees and/or contractors to maintain a safe work site;

(l)  failing to enforce policies required to maintain a safe work site;

(m) failing to provide timely firefighting assistance;

3

- (n) failing to ensure that automatic firefighting equipment was in place;
- (o) failing to enforce safe work procedures;
- (p) failing to ensure that the area was safe to work;
- (q) failing to follow standards set by the Occupational Safety and Health Administration;
- (r) failing to perform an appropriate job safety analysis;
- (s) failing to provide personnel sufficient to perform operations; and
- (t) any other acts and/or omissions which may be proven at the trial on the merits.

7.

As manager of the yard of PCA's DeRidder pulp mill facility in which the explosion that killed JODY L. GOOCH took place, RAYMOND LESTER's fault and/or negligence caused said explosion in the following non-exclusive particulars:

- (a) failing to ensure the area of the PCA facility under his care, custody, and control was free from all hazards;
- (b) failing to ensure that the tank and piping of his managed area was purged and/or cleared of any potentially flammable and/or combustible materials;
- (c) failing to warn JODY L. GOOCH that he was welding in a section of the PCA facility that contained hazardous and/or flammable vapors;
- (d) failing to ensure that the area in which JODY L. GOOCH was welding contained no hazardous or flammable gasses;
- (e) failing to ensure that no ignition source was present at or near the welding area;
- (f) failing to supervise other contractors who may have contributed to causing the explosion;
- (g) failing to follow PCA's own policies and procedures regarding safe work and operation;
- (h) failing to properly train the employees in the pulp mill area that he managed to maintain a safe work site;
- (i) failing to enforce policies required to maintain a safe work site;
- (j) failing to provide timely firefighting assistance;
- (k) failing to ensure that automatic firefighting equipment was in place;
- (l) failing to enforce safe work procedures;
- (m) failing to ensure that the area was safe to work;

(n) failing to follow standards set by the Occupational Safety and Health Administration;

(o) failing to perform an appropriate job safety analysis;

(p) failing to provide personnel sufficient to perform operations; and

(q) any other acts and/or omissions which may be proven at the trial on the merits.

8.

Alternatively, PCA is liable for the negligent and/or intentional acts of its employees, agents, servants, and/or representatives for failing to inform JODY L. GOOCH that the area in which he was welding contained flammable and/or combustible vapors. As such, PCA knew or should have known that JODY L. GOOCH's death was certain or substantially certain to occur as a result of its actions and those of its employees, agents, servants, and/or representatives.

9.

Additionally and/or alternatively, as the manufacturer of the foul condensate tank that exploded and killed JODY L. GOOCH, Defendant JAMES MACHINE WORKS, LLC's fault and/or negligence caused said explosion in the following non-exclusive particulars:

(a) manufacturing and selling a product that is unreasonably dangerous in its construction, composition, and condition;

(b) manufacturing and selling a product that is unreasonably dangerous in its design;

(c) manufacturing and selling a product that is unreasonably dangerous because it failed to contain an adequate warning about characteristics of the product that may cause damages; and

(d) manufacturing and selling a product that is unreasonably dangerous because it failed to conform to an express warranty.

10.

Defendants' conduct by act and/or omission, as set forth herein and otherwise, constituted negligence that resulted in JODY L. GOOCH's death and the damages sought herein.

11.

As JODY L. GOOCH's surviving child, Plaintiff DERRICK G. GOOCH seeks damages herein pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2.

12.

Specifically, DERRICK G. GOOCH has suffered emotional pain as a result of wrongfully losing his father. As the surviving child of JODY L. GOOCH, he is entitled to recover those damages which are a consequence of the events complained of in this petition, including both those damages recoverable in the survival action on behalf of his father, and damages recoverable in the wrongful death action. The damages sought to be recovered include but are not necessarily limited to the following:

(a)  mental or physical pain and suffering endured by his father, JODY L. GOOCH;

(b)  wrongful death damages;

(c)  loss of his father's love, affection, companionship, and society for the remainder of his life;

(d)  all general damages reasonable in the premises;

(e)  all emergency services incurred as a result of the accident;

(f)  all funeral expenses incurred as a result of the accident;

(g)  all special expenses reasonable in the premises;

(h)  all general and equitable relief under the circumstances;

(i)  legal interest from date of judicial demand;

(j)  any expenses incurred or to be incurred and for which DERRICK G. GOOCH is responsible that are consequential to the events complained of in this action; and

(k)  for such other damages as may be established at the trial of this action.

13.

DERRICK G. GOOCH specifically reserves any and all rights he may have under Louisiana, Texas, or any other state and/or federal law to punitive damages arising from the acts and/or omissions of the Defendants herein.

14.

DERRICK G. GOOCH specifically alleges that the damages complained of in this action exceed the jurisdictional requirement for trial by jury and, further, DERRICK G. GOOCH prays for a trial of all issues by jury as allowed by law.

WHEREFORE, Plaintiff, DERRICK G. GOOCH, individually and on behalf of his deceased father, JODY L. GOOCH, asks that citation issue, that Defendants PACKAGING

CORPORATION OF AMERICA, INC., FLOYD J. LEBLEU, RAYMOND LESTER, and JAMES MACHINE WORKS, LLC be served with process in this action, that he be granted a trial by jury of all issues, and, after due proceedings in accordance with law, that there be judgment rendered in this action in favor of DERRICK G. GOOCH, individually and on behalf of his deceased father JODY L. GOOCH, and against Defendants for such damages as are reasonable based on the claims and allegations set forth in this petition, along with judicial interest on all amounts awarded from the date of this demand until paid in full, all costs of this action, and such other relief or remedies as may be proper under the facts and law presented.

By his attorneys,

LUNDY, LUNDY, SOILEAU, & SOUTH LLP

_____
RUDIE R. SOILEAU, JR. (La. Bar Roll No. 2119)
HUNTER W. LUNDY (La. Bar Roll No. 8938)
JACKEY W. SOUTH (La. Bar Roll No. 21125)
T. HOUSTON MIDDLETON, IV (La. Bar Roll No. 33281)
501 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 439-0707
Facsimile: (337) 439-1029

*Attorneys for Plaintiff, Derrick G. Gooch*

**PLEASE SERVE:**

PACKAGING CORPORATION OF AMERICA, INC.
Through its registered agent for service of process,
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

FLOYD J. LEBLEU
1082 Three Pine Church Road
DeRidder, Louisiana 70634

RAYMOND LESTER
105 Tara Drive, Apartment C
DeRidder, Louisiana 70634

JAMES MACHINE WORKS, LLC
Through its registered agent for service of process,
Davenport, Files, & Kelly
1509 Lamy Lane
Monroe, Louisiana 71201