Case 4:17-cv-01673   Document 57-4   Filed on 03/25/19 in TXSD   Page 1 of 8

1/8/2018 1:58 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21673393
By: Wanda Chambers
Filed: 1/8/2018 1:58 PM

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAM ROLLS, SR. | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| VS. | § | |
| | § | |
| ELITE SPECIALTY WELDING, LLC, | § | \_\_\_\_JUDICIAL DISTRICT |
| ELITE INDUSTRIAL SERVICES, INC. & | § | |
| PACKAGING CORP. OF AMERICA, INC. | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL PETITION
AND RULE 194 REQUEST FOR DISCLOSURE**

TO THIS HONORABLE COURT:

Plaintiff William Rolls, Sr. files this Original Petition and respectfully shows this Court the following:

**I.
Discovery Control Plan**

1. Plaintiffs intend to conduct discovery under Level 2.

**II.
Parties**

2. Mr. Rolls is an individual residing in Louisiana. He was the father of William Rolls, Jr.

3. Defendant Elite Specialty Welding, LLC, is a foreign limited liability company that is headquartered in Harris County and regularly conducts business in Harris County. Defendant can be served with process via certified mail via its registered agent, Kris Miller, 18898 Hwy 87 South, Call, Texas 75933.

4. Defendant Elite Industrial Services, Inc., is a domestic for profit corporation that is located in Harris County and regularly conducts business in Harris County. Defendant can be served with

process via personal service via its registered agent, Ashley Parrish, 18226 Trinity Knoll Way, Humble, Texas 77346.

5. Defendant Packaging Corporation of America, Inc., is a foreign for profit corporation that is located in Texas and regularly conducts business in Texas. Defendant can be served with process via certified mail via its registered agent, CT Corp. System, 1999 Bryan St., Ste. 900, Dallas, Texas 775201.

## III.
## Jurisdiction & Venue

6. The Plaintiff in this case seek damages within the jurisdictional limits of this Court.

This Court has personal jurisdiction over Defendants because each does business in this State and the causes of action herein arose from some of Defendants' activities in this state.

Although Plaintiffs seek damages in excess of $75,000.00, exclusive of interest and costs, federal courts lack subject matter over this action, as there is no federal question. Removal would thus be improper. No party is asserting any claims arising under the Constitution, treaties, or laws of the United States. Two of the three defendants are located in this county; accordingly, venue is proper in this Court.

## IV.
## Facts

7. On or about February 8, 2017, William Rolls, Jr., was performing or beginning to perform his duties as a welder for Elite Specialty Welding at the Packaging Corp. of America's facility located in Deridder, Louisiana. On that day, Mr. Rolls and his coworkers were to perform welding operations in the pulp mill section of Packaging Corporation of America's DeRidder Containerboard Mill. At approximately 11:10a.m. a 25 foot tall tank containing "foul condensate" exploded killing the men. Elite Industrial Services was the parent corporation of

Elite Specialty Welding. However, Elite Industrial Services was not a hands off umbrella organization. Elite Industrial Services designed, implemented, and designated the safety equipment, safety plan, and work schedules for Elite Specialty Welding. In an effort to maximize profit, Elite Specialty Welding and Elite Industrial Services instituted work days that were unsafe, did not provide enough protective equipment, did not provide sufficient equipment, failed to provide enough training, and failed to provide a safe work place. Based on information and belief, Elite Industrial Services designed, created, and negotiated the contract under which Elite Specialty Welding and Mr. Rolls were working and dictated multiple vital aspects of the job. Unfortunately, Elite Industrial Services did so negligently.

### VII.   CAUSE OF ACTION: INTENTIONAL TORTS

Defendants' actions were intentional and knowing, as follows:

### V.
### Negligence/Gross Negligence/Intentional Conduct  - All Defendants

8. Plaintiffs incorporate the preceding paragraphs of this Petition as if set forth fully below.

9. Defendants owed a legal duty to Mr. Rolls to exercise ordinary care.

10. Defendants owed a legal duty to Mr. Rolls to provide him a safe work place.

11. Defendants breached this duty of care in the following ways:

   1. failing to promulgate and enforce policies required to maintain a safe work site;

   2. failing to maintain a safe work site;

   3. failing to ensure that the area contained no hazardous or flammable gases;

   4. failing to ensure no ignition source was present at or near the welding area;

   5. failing to provide timely fire-fighting assistance;

   6. failing to ensure automatic fire-fighting equipment was in place;

   7. failing to supervise other contractors who may have contributed to the fire;

Certified Document Number: 78074094 - Page 3 of 7

8. failing to promulgate adequate and safe work procedures;

9. failing to enforce safe work procedures;

10. failing to purge and test the area for flammable hydrocarbons or gasses;

11. failing to follow OSHA standards;

12. failing to follow PCA's own procedures regarding safe work and operation;

13. failing to provide training;

14. failing to perform an appropriate job safety analysis; and

15. failing to properly maintain and repair equipment.

Said acts of negligence and gross negligence were the proximate cause of the injuries sustained by the Plaintiffs. Defendants' actions were knowing, reckless, or malicious. Plaintiffs thus seek punitive damages.

Defendants' actions were intentional, knowing, reckless, or malicious, as follows:

- The Elite Defendants knew that when putting Mr. Rolls and their other employees to work welding at the PCA facility near the highly flammable tank, but not telling them about it, it was nearly inevitable, virtually sure, incapable of failing, or substantially certain that Mr. Rolls and others would be killed, or severely injured. The Elite Defendants consciously desired the physical result of its act.

- Defendant PCA knew that allowing Mr. Rolls and other welders to work at the PCA facility near the highly flammable tank made it nearly inevitable or substantially certain that Mr. Rolls and others would be killed, if not severely injured.

The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do

by their employer, who is therefore liable under the doctrine of respondeat superior for the negligent actions of its employees.

## VI.
### *Res Ipsa Loquitor*

12. Plaintiffs incorporate the preceding paragraphs of this Petition as if set forth fully below.

13. In addition, Defendants' negligence described above implicates the doctrine of *res ipsa loquitor* because the character of the event made the basis of this lawsuit is such that it would not have occurred without negligence; and the conditions which caused Mr. Rolls's injuries.

## VII.
### Damages

14. This action is brought pursuant to §§ 71.001 - 71.012 of the Texas Civil Practice and Remedies Code. Plaintiff may bring action for the wrongful death of William Rolls. Plaintiffs, under the Texas Wrongful Death Act, are entitled to recover damages for:

   1) Pecuniary Loss: Pecuniary loss resulting from the death of William Rolls, including, but not limited to, the advice and counsel, care, maintenance, support, services, and reasonable contributions of pecuniary value that Plaintiff would in reasonable probability have received from Mr. Rolls had he lived. Also, Plaintiff is entitled to any expenses for medical or psychological treatment.

   2) Mental Anguish: Mental anguish suffered by the Plaintiff as a result of the death of William Rolls, including but not limited to the emotional pain, torment, and suffering that Plaintiff would in reasonable probability, experience from the death of a family member.

      3)     Loss of Companionship and Society: Loss resulting from Mr. Rolls's death, including, but not limited to, love, companionship, comfort, and society that the Plaintiff would in reasonable probability had experienced if Mr. Rolls had lived.

Plaintiff seeks all damages allowed for a father in a wrongful death action. Plaintiff seeks all damages allowed for an action brought on behalf of William Rolls. Further, Plaintiff seeks all damages allowed in a survivor or survival action by bringing this action pursuant to §§ 71.021 - 71.022 of the Texas Civil Practice and Remedies Code. Plaintiff seeks all survival damages allowed by Texas law. Plaintiff seeks loss of consortium, loss of companionship and society, loss of earning capacity of Mr. Rolls, pain and suffering, medical expenses, and mental anguish in the past and future for Plaintiff. Plaintiff seeks exemplary damages under the Survival Statute and as part of the wrongful death action. Plaintiff seeks funeral expenses under the Survival Statute and as part of the wrongful death action. Plaintiff seeks any estate fees it is entitled to.

Plaintiffs seek punitive damages.

## VIII.
## Prayer

WHEREFORE, Plaintiff prays that Defendants answer this Petition, that this case be set for trial without delay, and that Plaintiff recovers a judgment from Defendants, jointly and severally, for damages in such amount as the evidence may show and the trier of fact may determine to be proper—at least $25 million—in addition to pre-judgment interest, post-judgment interest, costs, punitive damages, and all other and further relief to which Plaintiff may show himself justly entitled.

## IX.
## Demand for Jury

15.     Mr. Rolls respectfully demands a jury trial.

**X.**
**Request for Rule 194 Disclosures**

16.     Pursuant to Texas Rule of Civil Procedure 194, Mr. Rolls requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k), Tex. R. Civ.P.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:     */s/ Christopher J. Leavitt*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
State Bar No. 24053318
cleavitt@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 25, 2019


Certified Document Number:        78074094 Total Pages:  7


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**